IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVE SILVER COMPANY, INC., § § Plaintiff, § § Civil Action No. 3:14-CV-2601-D VS. § § MANNA FREIGHT SYSTEMS, INC., § d/b/a ORION AIR RIDE, § § Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Steve Silver Company, Inc. ("SSC") filed this lawsuit in Texas county court alleging that defendant Manna Freight Systems, Inc., d/b/a Orion Air Ride ("Orion") is liable under state law for overcharging for shipping services. Orion removed the case to this court based on diversity of citizenship and now moves under 28 U.S.C. § 1404(a) to transfer the case to the District of Minnesota under the terms of a contractual forum-selection clause. For the reasons that follow, the court grants the motion.

I

The facts pertinent to the court's reasoning for granting the motion are undisputed. SSC, a Texas corporation with its principal place of business in Forney, Kaufman County, Texas, sells and distributes furniture. SSC entered into a contract with Orion, a Minnesota corporation with its principal place of business in Mendota Heights, Minnesota, to provide furniture transportation delivery services. The contract between SSC and Orion—a Logistics Management Services Agreement (the "Agreement")—contains in ¶ 19 the following forum-

selection clause ("Forum Selection Clause") under the heading "Dispute Resolution":

> Any dispute arising out of or relating to this agreement shall be resolved through litigation in a state or federal court of competent jurisdiction located in Hennepin County, Minnesota. [SSC] consents to personal jurisdiction in the courts of Minnesota and waives any right to bring an action against [Orion] elsewhere, or to seek transfer of an action venued in Minnesota to another jurisdiction.

Pet. Ex. 1, ¶ 19.[1] The Agreement also contains in ¶ 20 the following choice of law provision: "This Agreement shall be interpreted and governed by the laws of the State of Minnesota." *Id.* ¶ 20. Orion moves to transfer the lawsuit to the District of Minnesota under § 1404(a), contending that the Forum Selection Clause is mandatory and enforceable.

SSC opposes the motion. It maintains that the Agreement was drafted solely by Orion, without negotiation; was submitted to SSC via the Internet; was not brought to the attention of an officer or director of SSC; and was signed electronically by Paul Moschioni ("Moschioni"), an SSC employee who is not an officer and is not authorized to bind SSC. SSC contends in the alternative that the Agreement is wholly or partially unenforceable as an agreement of adhesion. It maintains that, if the court assumes that Moschioni had authority to sign the Agreement on behalf of SSC, the Agreement is presumably performable

---

[1] In addition to the quoted portion of ¶ 19, the clause includes the following sentence:

> If [Orion] prevails in any action to obtain payment for services, to obtain other legal or equitable relief, or to defend against any claim(s) brought by [SSC], [Orion] shall be entitled to an award of its reasonable attorneys' fees.

Pet. Ex. 1, ¶ 19.

in Texas, and ¶¶ 19 and 20 do not comply with notice provisions by being "open and obvious" because they are written in the same typeset as the remainder of the Agreement and are not bolded or underlined. SSC also contends that, if the court rejects SSC's other arguments, Orion's motion should still be denied because performance took place exclusively in Forney, Kaufman County, Texas, and, in addition to performance, the witnesses are all located there, which is the more convenient forum than Minneapolis/Saint Paul, Minnesota, where practically nothing occurred. In support of the foregoing contentions that the Forum Selection Clause is not enforceable, SSC relies on Texas law (including the Texas Business and Commerce Code). It also maintains that the private- and public-interest factors support keeping the case in this forum rather than transferring it.

II

28 U.S.C. § 1404(a) codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, ___ U.S. ___, 134 S.Ct. 568, 580 (2013). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In cases where there is no forum-selection clause, district courts "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine*, 134 S. Ct. at 581. They analyze § 1404(a) motions under the familiar private- and public-interest

factors[2] and "decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 581 (quoting § 1404(a)).

But in cases where there is a valid forum-selection clause "[t]he calculus changes," because the clause "'represents the parties' agreement as to the most proper forum.'" *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). In that circumstance, district courts must "adjust their usual § 1404(a) analysis in three ways." *Id.* "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* "Second, a court evaluating a defendant's § 1404(a) motion to transfer . . . should not consider arguments about the parties' private interests." *Id.* at 582. "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* Accordingly, in a case involving a forum-selection clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* at 575.

Although SSC relies on several grounds to oppose Orion's motion to transfer, the pertinent ones are these: (1) the Agreement, including the Forum Selection Clause, is not

---

[2]In *Atlantic Marine* the Court identifies non-exclusive private- and public-interest factors. *Atl. Marine*, 134 S. Ct. at 581 n.6.

binding on SSC; (2) it would be unreasonable to enforce the Forum Selection Clause (e.g., because it is an agreement of adhesion); and (3) the public-interest factors support retaining the case in this district rather than transferring it to the District of Minnesota.

III

SSC's argument regarding the enforceability of its contract with Orion necessarily pertains only to the Forum Selection Clause itself rather than to the Agreement as a whole. This is because SSC's lawsuit against Orion rests fundamentally on the assumption that SSC and Orion in fact entered into the Agreement. *See, e.g.,* Pet. ¶ 5 (alleging that "On or about the 18th day of June, 2013, the parties entered into an agreement with regard to the parties' rights and obligation[s,] which is attached as Exhibit '1'."); *id.* Ex. 1 (attaching Agreement as Exhibit 1 to petition); and *id.* ¶ 10 (alleging that SSC made overpayments "[o]ver the term of the agreement" and that SSC gave Orion notice of the overpayments and requested a refund, credit, or offset "[p]ursuant to the agreement"); *see also* P. Br. 13 (attempting to distinguish *Atlantic Marine* on the basis that "there is the possibility the *forum selection clause* which is an Internet based Agreement, signed without authority, to which there are allegations of fraudulent inducement, and containing sections that are probably not delineated correctly render it void or voidable" (emphasis added)).

IV

Because SSC cannot demonstrate that the Agreement itself is not binding, the question becomes whether SSC can show that the Forum Selection Clause should not be enforced. This question merges with whether SSC can establish that it would be unreasonable to

enforce the Forum Selection Clause.

A

Federal law governs whether the Forum Selection Clause is binding in this action. *See Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997) ("The proper law to apply to [enforceability of a forum-selection clause] is federal, whether jurisdiction be based on diversity, a federal question, or some combination of the two."). "Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a '"heavy burden of proof."'" *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (quoting *Haynsworth*, 121 F.3d at 963). "Such clauses 'are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.'" *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 615 (5th Cir. 2007) (per curiam) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). A forum selection clause may be considered unreasonable if:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Id.* (quoting *Haynsworth*, 121 F.3d at 963). "To qualify as unreasonable, the fraud and overreaching must be specific to the forum selection clause." *Id.* (quoting *Haynsworth*, 121

F.3d at 963).

B

SSC has not met its heavy burden of proving that enforcement of the Forum Selection Clause would be unreasonable. SSC contends that the Forum Selection Clause is not "open and obvious" because it is written in the same typeset as the balance of the Agreement and is neither bolded nor underlined. It cites requirements of Texas law, including the Texas Business and Commerce Code, to support the contention that the Forum Selection Clause is unenforceable because, for example, it is not sufficiently conspicuous. And it notes that its original petition alleges fraudulent inducement. But SSC has not, as required, proved that Orion engaged in fraud and overreaching with regard to the Forum Selection Clause specifically.

C

Nor has SSC demonstrated that it will for all practical purposes be deprived of its day in court because of the grave inconvenience or unfairness of the selected forum, or that the fundamental unfairness of the chosen law will deprive it of a remedy. Although SSC asserts that nothing concerning the parties' dispute occurred in Minneapolis/St. Paul, that the Agreement was offered over the Internet, that it was not negotiated and is a contract of adhesion, and that litigating in Minnesota would be "abnormally inconvenient" for SSC, P. Br. 8, it has not established that the forum is gravely inconvenient or unfair, or that it will be deprived of a remedy.

D

SSC asserts that enforcing the Forum Selection Clause would be unreasonable because it would contravene a strong public policy of the forum state of Texas, but it does not identify what that strong public policy is. It essentially recites the requirements of Texas law for enforcing a forum-selection clause, and it appears to argue that enforcing the Forum Selection Clause would violate Texas public policy because Texas would not enforce the clause under the facts of this case. This argument is insufficient for at least two reasons. First, SSC does not cite support for the premise that Texas has a strong public policy in applying its own particular requirements for enforcing forum-selection clauses. Second, if this basis were sufficient to demonstrate that a forum-selection clause is unreasonable, federal law would no longer effectively control the enforceability question. Instead, state law would determine whether the forum-selection clause is enforceable in the first place, which would then control whether the forum-selection clause is unreasonable under federal law. State law would effectively swallow up federal law, even though federal law governs whether a forum-selection clause is enforceable.

V

SSC also contends that the public interest factors support retaining the case in this district.³ It recognizes that, under *Atlantic Marine*, "public interest factors . . . rarely defeat a transfer motion," and that "[t]he burden is on SSC to show that public interest factors

---

³SSC also discusses the private interest factors, but these are not to be considered. *See supra* § II.

overwhelmingly disfavor a transfer[.]" P. Br. 13.

A

The first public interest factor evaluates the comparative administrative difficulties due to court congestion in the potential venues. SSC cites the data on which Orion relies concerning the relative congestion of the District of Minnesota and this court. It posits that these statistics on which Orion relies (showing the relative times from filing to trial in civil cases between the two districts) is relatively the same.

The court agrees that the factor is neutral. The data show that, from October 1, 2008 to December 31, 2013, this court generally reached civil cases for trial somewhat more quickly than did the District of Minnesota, but in recent years (ending December 31, 2012 and December 31, 2013) the differences have been insubstantial.

B

The second public interest factor evaluates the local interest in the dispute. "This factor generally favors the venue where the acts giving rise to the lawsuit occurred." *Metromedia Steakhouses Co. v. BMJ Foods P.R., Inc.*, 2008 WL 794533, at *3 (N.D. Tex. Mar. 26, 2008) (Fitzwater, C.J.) (citing *Spiegelberg v. Collegiate Licensing Co.*, 402 F.Supp.2d 786, 792 (S.D. Tex. 2005)). SSC has demonstrated that Texas has an interest in this dispute. Although Orion in reply cites acts that occurred in the District of Minnesota, this factor supports retaining the case in Texas.

C

The third factor addresses the familiarity of the forum with the law that will govern the case. The court finds that this factor either favors transferring the case or is neutral. Paragraph 20 of the Agreement provides that it is to be interpreted and governed by the laws of the state of Minnesota. And SSC makes no effort to demonstrate that there would be difficulties encountered by either court in applying Texas or Minnesota law. *See* P. Br. 14 ("This suit and eventually a counterclaim involve a claim on an account for services; and, a claim for credits and offsets. The application of law should not be so difficult that Texas law could be applied nor has [Orion] set forth any specialized law from Minnesota that is applicable or drastically different.").

D

The fourth public interest factor considers the avoidance of unnecessary problems of conflict of laws or the application of foreign law. There is no suggestion in the briefing that there is a problem of conflict of laws or applying foreign laws. The court concludes that this factor is neutral.

E

"'[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Atl. Marine*, 134 S. Ct. at 581 (first alteration added) (quoting *Stewart*, 487 U.S. at 33 (Kennedy, J. concurring)). "As the party acting in violation of the forum-selection clause, [SSC] must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 583.

> Because [the public interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is "conceivable in a particular case" that the district court "would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause," such cases will not be common.

*Id.* at 582 (quoting *Stewart*, 487 U.S. at 30-31) (citation omitted). SSC has failed to meet its burden of demonstrating that this is an unusual and uncommon case in which the public-interest factors overwhelmingly disfavor a transfer.

* * *

For the reasons explained, Orion's motion to transfer venue is granted, and this case is transferred to the District of Minnesota. The clerk of court shall effect the transfer according to the usual procedure.

**SO ORDERED**.

October 15, 2014.

                                                    SIDNEY A. FITZWATER
                                                  CHIEF JUDGE